UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
|                                                               ) | |
|            Plaintiff,                              ) | |
|                                                               ) | |
|       v.                                                ) | No. |
|                                                               ) | |
| ONE HUNDRED TEN THOUSAND, EIGHT ) | |
| HUNDRED TEN DOLLARS IN U.S.          ) | |
| CURRENCY ($110,810.00),                  ) | |
|                                                               ) | |
|            Defendant.                            ) | |

**VERIFIED COMPLAINT OF FORFEITURE**

COMES NOW, Plaintiff, the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Kyle T. Bateman, Assistant United States Attorney, for said district, and for its Verified Complaint for Forfeiture states as follows:

**NATURE OF THE ACTION**

1. This is a civil action *in rem* brought by the United States of America seeking forfeiture of all right, title, and interest in the above-captioned defendant property pursuant Title 21, United States Code, Section 881(a)(6) and Title 18, United States Code, Sections 981(a)(1)(A) and (C).

2. The defendant property was seized by law enforcement on or about May 5, 2020, and is described more fully as one hundred ten thousand, eight hundred ten dollars in U.S. currency ($110,810.00) (the "defendant property").

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345, 1355, and 1395.

4. Venue is proper pursuant to Title 28, United States Code, Section 1355(b)(1)(A) because the acts and omissions giving rise to forfeiture took place in the Eastern District of Missouri. Venue is also proper pursuant to Title 28, United States Code, Section 1395(b) because the defendant currency was seized in the Eastern District of Missouri.

## STATUTORY FRAMEWORK

5. Title 21, United States Code, Section 881(a)(6) authorizes the civil forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

6. Title 18, United States Code, Section 1956(a)(1)(A)(i) criminalizes conducting a transaction, including transferring, delivering, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, with the intent to promote the carrying on of the specified unlawful activity.

7. Title 18, United States Code, Section 1956(a)(1)(B) criminalizes conducting a transaction, including transfer, delivery, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, knowing that

the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

8. Pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 of Title 18, or any property traceable to such property, is subject to civil forfeiture.

9. Title 18, United States Code, Section 1952 criminalizes traveling in interstate commerce with the intent to distribute the proceeds of any unlawful activity, including a business enterprise involving controlled substances, or otherwise promoting, managing, establishing, carry on, or facilitating the promotion, management, establishment, or carrying on, of such unlawful activity.

10. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952 is subject to civil forfeiture.

**FACTS GIVING RISE TO THE FORFEITURE**

11. Jesse Jay Starr ("Starr") is a resident of Plumas Lake, California.

12. On or about May 5, 2020, Starr was travelling west on Interstate 70 within the Eastern District of Missouri in a silver 2006 Ford truck ("Ford truck") pulling a flatbed trailer with two four-wheelers on it.

13. At approximately 11:37 p.m., a law enforcement officer observed the Ford truck near the 205 mile marker in Foristell, Missouri, commit one or more traffic violations.

14. The officer conducted a lawful traffic stop of the Ford truck.

15. The officer approached the Ford truck and made contact with Starr, who was the sole occupant, and asked for the vehicle registration.

16. While Starr was searching for his documents, the officer noticed a placard on the driver's side door that said "All Starr Transport, LLC." The officer noticed Starr didn't have a Department of Transportation (D.O.T.) number displayed and asked if he was hauling the four-wheelers for his business. Starr stated he was hauling his personal four-wheelers as a private carrier. He said he took the D.O.T. number down because he hasn't been working since January due to COVID-19.

17. The officer asked Starr the purpose of his trip. Starr stated he hauled a Razor ATV from California to Georgia, then traded the Razor ATV with a friend for the two four-wheelers on the trailer. The officer asked Starr why he would travel such a long distance to trade a Razor ATV for two off-brand four-wheelers. Starr stated that he didn't have anything better to do.

18. The officer observed that Starr did not make eye contact while speaking and noticed that Starr's hands were shaking when he handed his registration to him.

19. After receiving Starr's registration, the officer walked back to his vehicle. While he was walking, the officer noticed there was a non-factory floor on the trailer made of unfinished sheet metal. Through training and experience, the officer knows that non-factory secondary floors are utilized by narcotics traffickers to conceal narcotics, contraband, and narcotics proceeds from law enforcement.

20. The officer requested assistance from another officer and certified drug detection canine.

21. A certified, trained and reliable drug detection canine was deployed for a "free air sniff" of the Ford truck and trailer. The canine gave an affirmative response to the presence of a controlled substance near the rear driver's side door of the Ford truck and undercarriage of the trailer.

22. The officers advised Starr that he was being detained and advised him of his Miranda rights. Starr stated that he understood his rights and agreed to speak with officers. Starr advised that he purchased the trailer several months prior and denied knowing that the trailer had been modified.

23. Starr, the Ford truck and trailer were transported to Superior Towing for further search.

24. At the towing facility, officers removed the four-wheelers from the trailer and then removed several metal plates that lined the floor of the trailer. Underneath the metal plates was an approximately five inch deep hidden compartment that spanned the length and width of the trailer. Officers further observed that the primary framework of the trailer had been removed and that there were no longer any steel support beams in place.

25. The officers observed a faint odor of raw marijuana emanating from inside the hidden compartment

26. The officers also observed dust on the floor of the hidden compartment and drag marks that indicated that items had been placed inside and moved around.

27. The officers searched the interior of the Ford truck and discovered a vacuum sealing machine and food saver plastic bags on the rear floorboard and packages of rubber bands in the center console.

28. The officers discovered several clipboards and binders on the floor of the Ford truck that had business cards, receipt logs and paperwork for "All Starr Transport LLC." The items appeared to be unused. One receipt from the receipt log showed a $7,000.00 payment for the rent of Starr's residence.

29. The officers discovered a plastic shopping bag behind the back seat, wedged against

the rear wall of the Ford truck. Inside the shopping bag were rubber-banded bundles of U.S. currency, several of which were vacuum sealed and wrapped in foil. This U.S. currency, which was later counted and determined to be $110,810, and primarily in $20 denominations, is the defendant property.

30. The officers discovered three additional rubber-banded bundles of U.S. currency, all in $20 denominations, in a factory dash compartment. This U.S. currency was not seized by law enforcement.

31. Starr told the officers that he travelled from California to Atlanta, Georgia, to trade an ATV for two smaller ATVs with a friend. Starr stated that, while he was there, he did some side work for his friend that consisted of transporting vehicles in the Atlanta area using his trailer.

32. Starr then told officers that his transporting business had not been active for months and that he had not been able to make any money in months.

33. When confronted about the hidden compartment, Starr told officers that he had made up his prior story about transporting vehicles so that the officers would let him go.

34. Starr admitted to officers that he used the trailer to transport marijuana.

35. Starr told officers that the U.S. currency discovered in the dashboard belonged to him, but that the defendant property did not belong to him.

36. Starr told officers that he thought the defendant property was approximately $14,000 in U.S. currency.

37. Starr told officers that he did not want to disclose the source of the marijuana he transported or give any other details about the destination or other parties involved.

38. A trained, certified and reliable drug detection canine was deployed for a discretionary sniff of the defendant property. The canine gave an affirmative response to the

presence of a controlled substance on the defendant property.

## COUNT ONE – FORFEITURE
### 21 U.S.C. § 881(a)(6)

39. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 38 above as if fully set forth herein.

40. The defendant property is bulk U.S. currency that was discovered by law enforcement officers in bundles, wrapped in rubber bands, in denominations and a manner that is consistent with drug trafficking. Several of the bundles were vacuum sealed. In addition, the defendant property was hidden in the rear of the vehicle that was pulling a trailer that had an aftermarket hidden compartment installed that is commonly used by drug traffickers to transport narcotics and the proceeds of narcotics sales. Starr provided inconsistent stories of the defendant property source, ownership and intended use, but eventually admitted that he had transported marijuana and had no ownership interest in the defendant property. Finally, a certified narcotics canine alerted positively to the presence of a controlled substance on the defendant property.

41. Based on the foregoing, the defendant currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) as money furnished or intended to be furnished in exchange for a controlled substance, as proceeds traceable to such an exchange, and as money to be used to facilitate a violation of the Controlled Substances Act.

## COUNT TWO – FORFEITURE
### 18 U.S.C. § 981(a)(1)(A)

42. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 38 above as if fully set forth herein.

43. The defendant property is proceeds of an unlawful activity involving controlled substances and was transported through the Eastern District of Missouri by Starr with the intent to

promote the carrying on of, and to conceal or disguise the nature, location, source, ownership or control of, a specified unlawful activity.

44. Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956, or as property traceable to such property.

## COUNT THREE – FORFEITURE
### 18 U.S.C. § 981(a)(1)(C)

45. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 38 above as if fully set forth herein.

46. The defendant property is proceeds of an unlawful activity involving controlled substances that travelled with Starr in interstate commerce with the intent to distribute it, and otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of an unlawful activity involving controlled substances.

47. Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(C) as property that constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that a Warrant for Arrest be issued in rem for the defendant currency and the defendant currency be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the United States of America be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney


*/s/ Kyle T. Bateman*
KYLE T. BATEMAN, #996646(DC)
Assistant United States Attorney
111 South 10th Street, Suite 20.333
Saint Louis, Missouri 63102
Telephone:    (314) 539-2200
Facsimile:     (314) 539-2777
Kyle.Bateman@usdoj.gov

## VERIFICATION

I, Christopher Most, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the Drug Enforcement Administration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: __11/24/20__

(date)

_____
CHRISTOPHER MOST
Special Agent
Drug Enforcement Administration

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
|  | **PERSONAL INJURY** | **PERSONAL INJURY** |  |  |  |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act |  |  | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  |  | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893  Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** |  |  | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  |  |
|  |  | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing  (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

|  |  |
|---|---|
|            , plaintiff, | ) ) ) |
| v. | ) Case No. ) |
|            , defendant. | ) ) ) |

# ORIGINAL FILING FORM

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**

    THIS CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER_____

AND ASSIGNED TO THE HONORABLE JUDGE_____.

    NEITHER THIS CAUSE, NOR A SUBSTANTIALLY EQUIVALENT COMPLAINT, PREVIOUSLY HAS BEEN FILED IN THIS COURT, AND THEREFORE MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date:_____

                                                          Signature of Filing Party

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| ONE HUNDRED TEN THOUSAND, | ) |
| EIGHT HUNDRED TEN DOLLARS IN | ) |
| U.S. CURRENCY ($110,810.00), | ) |
| | ) |
| Defendant. | ) |

**WARRANT FOR ARREST OF PROPERTY**

TO: THE UNITED STATES MARSHAL AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER FOR THE EASTERN DISTRICT OF MISSOURI

Whereas, on November 25, 2020, the United States of America filed a Verified Complaint for Civil Forfeiture in the United States District Court for the Eastern District of Missouri, against the above-named defendant property, alleging that said property is subject to seizure and civil forfeiture to the United States for the reasons mentioned in the complaint; and

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, in these circumstances, Supplemental Rule G(3)(b)(i) directs the Clerk of the Court to issue an arrest warrant in rem for the arrest of the defendant property; and

WHEREAS, Supplemental Rule G(3)(c) provides that the warrant of arrest in rem must be delivered to a person or organization authorized to execute it;

NOW THEREFORE, you are hereby commanded to arrest the above-named defendant property by serving a copy of this warrant on the custodian in whose possession, custody, or

control the property is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court,

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

        GREGORY J. LINHARES, CLERK
        United States District Court

By: _____
    Deputy Clerk

Date: _____